# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

AUG 27 2026 PM1:19
FILED-USDC-CT-HARTFOR

| | | |
|---|---|---|
| ELSON DEBARROS, Plaintiff/Claimant, | ) | |
| v. | ) | AAA Case No. 01-25-00005225 |
| | ) | Civil Action No.________________ |
| EXPRESS SERVICES, INC.; Defendant/Respondent. | ) | |

## CLAIMANT'S NOTICE OF REMOVAL AND REQUEST FOR JUDICIAL REVIEW OF ARBITRATION PROCEEDINGS

Claimant Elson DeBarros ("Claimant"), appearing pro se, respectfully submits this Notice of Removal and Request for Judicial Review concerning the arbitration proceeding presently pending before the American Arbitration Association ("AAA"). Claimant respectfully requests that this Court exercise such jurisdiction as is authorized by federal law and determine the enforceability, scope, and applicability of the arbitration agreement to the claims asserted in the underlying proceeding.

## I. IDENTIFICATION OF THE ARBITRATION PROCEEDING

1. The underlying dispute arises from Claimant's employment relationship with Express Services, Inc.
2. The matter is presently pending before the American Arbitration Association under AAA Case No. **01-25-00005225**.
3. Claimant entered into a Mutual Arbitration Agreement with Respondent Express Services, Inc. on or about August 8, 2022.
4. The arbitration concerns claims arising from Claimant's employment, including allegations of workplace negligence, personal injury, disability discrimination and failure to accommodate, and related statutory and common-law claims.
5. Claimant seeks judicial determination concerning whether the arbitration agreement may properly be enforced and applied to the claims asserted in the pending AAA proceeding.

## II. BASIS FOR FEDERAL JURISDICTION AND JUDICIAL DETERMINATION

6. Claimant invokes federal-question jurisdiction to the extent authorized by 28 U.S.C. § 1331 and other applicable federal law.
7. The dispute presents issues concerning the Federal Arbitration Act and the enforceability, scope, and application of the Mutual Arbitration Agreement.
8. The underlying arbitration also concerns federal employment and disability-related protections implicated by Claimant's allegations concerning his medical condition, workplace treatment, and requested accommodations.
9. Claimant respectfully requests that this Court determine the appropriate legal and procedural treatment of the pending arbitration and the extent to which the arbitration agreement may be enforced against the claims asserted.

10. Claimant further requests that the Court determine whether the arbitration agreement encompasses the personal-injury, tort, statutory, and employment-related claims asserted in the AAA proceeding.

## III. FACTUAL AND PROCEDURAL BACKGROUND

11. In or about September 2022, Claimant experienced serious medical symptoms, including fever, body pain, and difficulty breathing, while employed by Respondent.
12. On or about September 29, 2022, Claimant alleges that he was required to perform heavy manual labor outdoors under severe weather conditions, including lifting and carrying construction materials exceeding 100 pounds.
13. After approximately 25 to 30 minutes of such work, Claimant suffered a syncopal episode, collapsed, lost consciousness, and sustained a head injury.
14. Claimant further alleges that Respondent failed to summon emergency medical assistance following the incident.
15. Following the incident, Claimant received medical evaluation and was provided work restrictions concerning outdoor work, lifting, and working hours.
16. Claimant alleges that Respondent failed or refused to accommodate those medical restrictions.
17. Claimant further alleges that he subsequently experienced continuing physical, neurological, and psychological symptoms.
18. Claimant has asserted these and related claims in the pending AAA arbitration.

## IV. SCOPE AND ENFORCEABILITY OF THE ARBITRATION AGREEMENT

19. Claimant respectfully requests judicial determination of the scope and enforceability of the Mutual Arbitration Agreement executed on or about August 8, 2022.

20. Claimant disputes, to the extent applicable, whether the agreement encompasses every claim asserted in the pending arbitration.

21. The arbitration includes claims involving alleged physical and neurological injuries, workplace negligence, disability-related violations, and related statutory and common-law claims.

22. Claimant therefore requests a determination concerning whether each category of claim falls within the scope of the arbitration agreement.

23. Claimant specifically requests determination of whether the arbitration agreement encompasses the personal-injury and tort-related claims asserted against Respondent.

24. Claimant does not concede that the existence of an arbitration agreement necessarily establishes that every claim asserted by Claimant, regardless of its nature or legal basis, must be arbitrated.

## V. PERSONAL-INJURY CLAIMS AND REQUEST FOR JUDICIAL DETERMINATION

25. Claimant alleges that he sustained serious physical and neurological injuries arising from the events underlying the arbitration.

26. The claimant further alleges continuing physical and psychological consequences arising from those events.

27. Claimant respectfully requests that the Court determine whether the Mutual Arbitration Agreement expressly or otherwise lawfully encompasses Claimant's personal-injury and tort-related claims.

28. Claimant further requests determination of whether any applicable federal or state law limits enforcement of the arbitration agreement with respect to the claims asserted.

## VI. REQUEST TO STAY AAA PROCEEDINGS

29. The AAA proceeding remains pending and has not been finally adjudicated.

30. Claimant has requested that the arbitration proceedings be stayed pending judicial determination of the issues concerning the arbitration agreement.

31. Continuing substantive arbitration while the Court determines the scope and enforceability of the arbitration agreement could result in unnecessary or duplicative proceedings.

32. A temporary stay would preserve the status quo while allowing the Court to determine the threshold legal issues presented.

33. Claimant therefore respectfully requests that the Court stay further substantive proceedings before the AAA pending the Court's determination of the issues raised herein.

## VII. REQUEST FOR RELIEF

**WHEREFORE**, Claimant Elson DeBarros respectfully requests that this Court:

a. Accept and docket this filing to the extent permitted under applicable federal law;

b. Exercise such federal jurisdiction as is authorized by law;

c. Determine the enforceability, scope, and applicability of the Mutual Arbitration Agreement executed on or about August 8, 2022;

d. Determine whether the arbitration agreement encompasses Claimant's personal-injury, tort, statutory, disability, and employment-related claims;

e. Stay further substantive proceedings before the American Arbitration Association in **AAA Case No. 01-25-00005225** pending judicial determination of the foregoing issues; and

f. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: 08/26, 2026

**ELSON DEBARROS**
Claimant, Pro Se
338 Asylum St., Apt. 413
Hartford, CT 06103
Email: elsonmd880@gmail.com
Telephone: 401-649-7277

**CERTIFICATE OF SERVICE**

I hereby certify that on 08/26__________, 2026, I served a true and correct copy of the foregoing Claimant's Notice of Removal and Request for Judicial Review of Arbitration Proceedings upon Respondent Express Services, Inc., its counsel of record, and the American Arbitration Association, as applicable, by the method authorized by the applicable rules.

Respectfully submitted,

**ELSON DEBARROS**
Claimant, Pro Se