EXPRESS EMPLOYMENT PROFESSIONALS

# Mutual Arbitration Agreement

The undersigned individual ("Individual") and Express Services, Inc. dba Express Employment Professionals (the "Company") voluntarily and knowingly enter into this mutual arbitration agreement ("Agreement").

1. Except as provided below, both the Company and Individual (on behalf of himself/herself as well as his/her heirs, spouse, successors, assigns, and agents) agree all legal disputes and claims between them shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described in this Agreement. Except as provided below, claims subject to this Agreement include without limitation all claims pertaining to Individual's employment or other relationship with the Company (including application for or termination of employment or other relationship) and all claims for discrimination, harassment, or retaliation; wages, overtime, benefits, or other compensation; breach of any express or implied contract; violation of public policy; negligence or other tort claims including without limitation defamation, fraud, and infliction of emotional distress; and violation of any federal, state, or local law, statute, regulation, or ordinance. Except as provided below, Individual and the Company voluntarily waive all rights to trial in court before a judge or jury on all claims covered by this Agreement. Claims against the Company subject to this Agreement shall include claims against the Company's parents, subsidiaries, affiliates, divisions, brands, alleged agents, and alleged joint or co-employers, and their respective directors, officers, employees, and agents, whether current, former, or future.[1]

2. The only legal disputes and claims excluded from this Agreement are: (a) claims by Individual for workers' compensation, unemployment, or other benefits under a plan or program that provides its own process for dispute resolution; (b) claims for which this Agreement would be prohibited or invalid as a matter of federal law or state law that is not preempted by federal law; (c) actions to enforce this Agreement, compel arbitration, or enforce, modify, or vacate an arbitrator's award; (d) a claim or charge filed with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, National Labor Relations Board, Department of Labor, or similar agency; (e) an action by either party seeking a provisional remedy in any court of competent jurisdiction; (f) claims asserted by Individual, or on his/her behalf by another party, prior to Individual's execution or deemed acceptance of this Agreement as provided herein; and (g) claims asserted on Individual's behalf by another individual if and only if such a claim was filed prior to Individual's execution or deemed acceptance of this Agreement as provided herein. As to subpart (c) above, the parties hereby agree and stipulate that such actions are covered and governed by Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, and not any state law. Judgment upon the arbitrator's award may be entered in any court of competent jurisdiction.

3. As referenced above, by agreeing to this Agreement, Individual does not waive the right to file an administrative complaint with the appropriate administrative agency but does knowingly and voluntarily waive the right to file, or participate or obtain relief in, a lawsuit or court action of any nature against the Company, except as described above.

4. A party wishing to initiate arbitration must notify the other party in writing by hand delivery or certified mail. The notice must (a) identify the party requesting arbitration by name, address, and telephone number; (b) describe the facts upon which the claim is based, the persons involved, the date and location of any occurrences giving rise to the claim, and the law(s) allegedly violated; and (c) describe the remedy requested. Notice to the Company must be sent to its Legal Department at Express Services, Inc, 9701 Boardwalk Boulevard, Oklahoma City, Oklahoma 73162. Notice to Individual must be sent to Individual's most recent residence address reflected in the Company's records.

5. Within 30 days of receipt of a notice of arbitration, the parties shall select a mutually agreeable arbitrator. To the maximum extent permitted by law and except as noted herein, the arbitrator selected by the parties shall administer the arbitration according to the Employment Arbitration Rules (or successor rules) of the American Arbitration Association ("AAA"), as amended herein, and Federal Rule of Civil Procedure 68 ("Offer of Judgment"), which can be requested from the Company or found at www.adr.org and http://www.law.cornell.edu/rules/frcp/rule_68, respectively. If AAA's rules are inconsistent with this Agreement, the terms of this Agreement shall govern. If the parties are unable to agree on an arbitrator, the party requesting arbitration shall submit the matter to AAA, and an arbitrator shall be selected pursuant to AAA's rules.

6. Except as noted in the following paragraph, the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that it is void or voidable. Thus, except as noted in the following paragraph, the parties voluntarily waive the right to have a court determine the enforceability of this Agreement. The arbitration will be held in or near the city in which Individual is or was last employed or engaged by, or applied for employment or other association with, the Company, as applicable. The parties have the right to file dispositive motions and post-hearing briefs. The arbitrator's authority and jurisdiction are limited to determining the claims in dispute consistent with controlling law and this Agreement. Except as otherwise provided herein, the arbitrator shall apply, and shall not deviate from, the substantive law of the state in which the claim(s) arose and/or federal law, as applicable. The arbitrator shall not have the authority to hear disputes not recognized by existing law and shall dismiss such claims upon motion by either party in accordance with the summary judgment standards of the applicable jurisdiction. Similarly, the arbitrator shall not have the authority to order any remedy that a court would not be authorized to order; rather, except as provided in the following paragraph, the arbitrator shall have the power to award all legal and equitable relief that would be available in court under applicable law. The arbitrator shall have the authority to issue subpoenas to compel the production of documents during discovery and the attendance of witnesses at the arbitration hearing and shall do so upon the reasonable request of either party. The arbitrator shall make reasonable efforts to conduct the arbitration hearing within six months of

[1] Nothing herein shall be interpreted to suggest any particular entity or person is or will be Individual's employer or joint employer.

©2019 Express Services, Inc. All rights reserved.

his/her appointment but has discretion to extend this timeline upon a showing of good cause. The arbitrator shall render a written award setting forth findings of fact and conclusions of law. The arbitrator's decision shall be binding to the maximum extent permitted by law.

7. **The arbitrator is prohibited from consolidating the claims of others into one proceeding, to the maximum extent permitted by law. This means an arbitrator shall hear only individual claims and is prohibited from fashioning a proceeding as a class, collective, representative, joint, or group action or awarding relief to a group of claimants or employees in one proceeding, to the maximum extent permitted by law.** Any question or dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator. Should a court determine that this prohibition on class, collective, representative, joint, or group actions is invalid for any reason, the parties hereby waive any right to arbitration of the class, collective, representative, joint, or group action at issue and instead agree and stipulate that such claims will be heard only by a judge and not an arbitrator or jury, to the maximum extent permitted by law. Additionally, the parties agree that if a party brings an action that includes both claims subject to arbitration under this Agreement and claims that by law are not subject to arbitration, all claims that by law are not subject to arbitration shall be stayed until the claims subject to arbitration are fully arbitrated. The parties further agree that in such a situation, the arbitrator's decision on the claims subject to arbitration, including any determinations as to disputed factual or legal issues, shall be dispositive and entitled to full force and effect in any separate lawsuit on claims that by law are not subject to arbitration.

8. The Company will pay all costs unique to arbitration (as compared to the costs of adjudicating the same claims before a court), including the arbitration fees and expenses. However, if Individual is the party initiating the claim, Individual shall be responsible for contributing an amount equal to the filing fee to initiate the claim in the court of general jurisdiction in the state in which Individual is or was last employed or engaged by, or applied for employment or other association with, the Company, unless the arbitrator determines such fee should be waived due to a showing of reasonable need. Except as provided in Federal Rule of Civil Procedure 68 or as determined by the arbitrator in accordance with applicable legal standards, each party shall pay its own attorneys' fees and any costs that are not unique to the arbitration (*i.e.*, costs that each party would incur if the claim(s) were litigated in court such as costs to subpoena witnesses and/or documents, take depositions and purchase deposition transcripts, copy documents, *etc.*). Any dispute as to whether a cost is unique to arbitration shall be resolved by the arbitrator. The arbitrator may award reasonable fees and costs or any portion thereof to the prevailing party to the same extent a court would be entitled to do so, in accordance with applicable law.

9. This is the complete agreement between the parties on the subject of arbitration and supersedes any other understandings on the subject. No other representations are being relied upon by either party. This Agreement cannot be orally modified and shall remain in effect even after the termination of Individual's employment. If any provision of this Agreement is deemed invalid or unenforceable, such provision shall be modified automatically to the minimum extent necessary to render this Agreement valid and enforceable. If a provision conflicts with a mandatory provision of applicable law, the conflicting provision shall be severed automatically and the remainder construed to incorporate the mandatory provision. In the event of such severance or modification, the remainder shall not be affected. Similarly, should a court or arbitrator determine arbitration is unavailable for any reason, the parties waive any right to a jury and instead agree and stipulate that the claim(s) at issue will be heard only by a judge, to the maximum extent permitted by law. This Agreement shall be construed as a whole, according to its fair meaning, and not for or against any party.

10. Individual may opt out of this Agreement by delivering, within 30 days of the date this Agreement is provided to Individual, written notice of Individual's desire to opt out of this Agreement to the Company's Legal Department at Express Services, Inc, 9701 Boardwalk Boulevard, Oklahoma City, Oklahoma 73162. If Individual does not deliver such notice within 30 days, and if Individual accepts or continues employment or other association after that date, he or she shall be deemed to have accepted the terms of this Agreement, regardless of the space below for Individual's signature and regardless of whether Individual or a Company representative signs this Agreement.

11. Individual warrants and agrees that he/she has read and understands this Agreement and has consulted with an attorney of his/her choosing regarding its effect to the extent Individual deems necessary. If Individual desires a translation of this Agreement in his/her primary language other than English, he/she may request it from the Company representative identified in Section 4 above. By signing this Agreement, Individual acknowledges that he/she is knowingly and voluntarily waiving the right to file a lawsuit relating to Individual's employment or other association with the Company as well as the right to resolve disputes in a proceeding before a judge or jury, except as described above. Individual further acknowledges and agrees that this Agreement, while mutually binding upon the parties, does not constitute a guarantee of employment or continued employment for any fixed period or under any particular terms except those contained herein and does not alter in any way the at-will nature of any employment relationship.

AGREED:

8/8/2022
Date

Elson M Debarros
Individual's Signature

Elson M Debarros
Individual's Printed Name

Express Services, Inc. dba Express Employment Professionals

Harvey H. H. Hommey
Harvey H H Hommey
Vice President - Franchise Systems

©2019 Express Services, Inc. All rights reserved.

AUG 27 2026 PM1:19
FILED-USDC-CT-HARTFORD

KAHAN, KERENSKY & CAPOSSELA, LLP – ATTORNEYS AT LAW
45 HARTFORD TURNPIKE, PO BOX 3811, VERNON, CONNECTICUT 06066-2181 – JURIS NO. 30153 – (860) 646-1974

AMERICAN ARBITRATION ASSOCIATION
EMPLOYMENT ARBITRATION RULES

| | | |
|---|---|---|
| ELSON DEBARROS,<br>*Claimant* | : | AAA Employment Arbitration Rules |
| v. | : | AAA Case Nos.:<br>*01-25-0000-5225*<br>01-26-0000-2130 |
| EXPRESS SERVICES INC., EXPRESS SERVICE INC., DWIGHT HHN, BOB FUNK, JAY DIAZ, AND ALICIA KURASZ<br>*Respondents* | : | APRIL 23, 2026 |

**ARBITRATOR'S ORDER ON CLAIM CONSOLIDATION**

In light of Claimant's Statement of Position on Consolidation dated April 20, 2026, which does not oppose consolidation of the above-referenced AAA case numbers but does so with certain "conditions and reservations", the following Order hereby enters.

1. AAA Case Nos. 01-25-0000-5225 and 01-26-0000-2130 are hereby consolidated for all purposes.

2. The parties' counsel shall send to the Arbitrator a complete copy of the claims and answers/affirmative defenses filed in each case on or before April 30, 2026.

3. The parties' counsel shall confer on or before May 5, 2026 and submit for the Arbitrator's consideration by that date a Revised Scheduling Order with at least three proposed

final hearing date(s) not later than December 1, 2026, and include a proposed, specific agreed upon location for the arbitration hearing.

4. This Order is not to be construed as an authorization for the filing of additional claims or particular discovery activities, and rulings as necessary thereon are reserved until appropriate pleading(s) or request(s) are properly before the Arbitrator.

Michael J. Kopsick, Arbitrator

KAHAN, KERENSKY & CAPOSSELA, LLP ~ ATTORNEYS AT LAW
45 HARTFORD TURNPIKE, PO BOX 3811, VERNON, CONNECTICUT 06066-2181 ~ JURIS NO. 30153 ~ (860) 646-1974